## Hammon *versus* Fisher.

1. An attorney, who issues an execution for his client, upon which property of a third party is sold, but who took no part in the seizure, is not liable to the owner in trespass.

2. An owner, whose property is wrongfully seized and sold by the sheriff, cannot maintain trespass against the purchaser, for taking the property away.

3. From the moment of seizure, the property, although left with the owner, is constructively in the possession of the sheriff; and the removing of it by the purchaser, is only a completion of the purpose of the original seizure.

ERROR to the Court of Common Pleas of *Dauphin county.*

The facts are fully and clearly stated in the following charge of the court below, PEARSON, J.

"This action of trespass was brought by the plaintiff, against John Fox, late sheriff, and John A. Fisher, Esq., for seizing and carrying away his two rafts of logs. The sheriff died, pending the action, which is pursued against Fisher, the survivor. The first question is, did the plaintiff own the rafts, or either of them? If he owned either, the action could have been sustained against Fox, if he was on trial. If he owned both, the damages would be the greater.

"It seems that a judgment was recovered in this court, against a man named M'Mullen, and that the plaintiff was endorser on the note then sued, but no judgment was obtained against him as such. A *fi. fa.* issued against M'Mullen, on the judgment, and he gave the sheriff's deputy two rafts of logs, (now claimed by the plaintiff,) as a levy. They were advertised, and about to be sold by the sheriff, but prior to the sale, plaintiff gave notice that the logs belonged to him, and forbade their sale. The sheriff sold, notwithstanding, and Fisher became the purchaser. The rafts were returned as sold to Fisher, agent of the plaintiff in that suit, whose attorney he was; and as such, had obtained the judgment and issued the execution. Shortly after the purchase, Mr. Fisher had the rafts removed, as stated by Taylor, sold the one, and probably lost the other by a freshet in the river.

"Three grounds of defence have been taken. 1. It is contended, that the rafts did not belong to the plaintiff in this suit, but to M'Mullen. That is a question for the jury to determine, upon all the evidence in the case.

2. The defendant says, the plaintiff cannot recover, because, when sued as endorser of M'Mullen, he set up the levy and sale of this same lumber, as payment by the latter, and is now estopped from averring that it was not his property. We consider that a *non sequitur*. It was totally unimportant, to the endorser, who owned the property seized and sold on the judgment against M'Mullen; the debt was paid, and the record showed it. The purchaser at that sale, agreed to run the risk of ownership, and to bid a certain price for the interest of M'Mullen, whether he had any right or not. When the evidence was received, it was offered to show, that on the trial against Hammon, he averred the lumber was M'Mullen's, and was heard for that purpose, like other admissions. Nothing of the kind was established; and, therefore, what took place on that trial, is to have no weight, and must be discarded from your consideration.

"3. The main ground of defence is, that trespass will not lie against the defendant, Fisher. That it is the proper form of action against a sheriff, who, by virtue of a writ against one man, seizes the property of another, is clearly settled. Not only the sheriff, but all who command, direct or agree, to indemnify him in a seizure of property not belonging to the defendant, in his execution, are trespassers. The plaintiff in the execution, is not a trespasser, by issuing his writ in due form, and placing it in the hands of a proper officer, as the mandate is, to take the goods of the defendant in the execution, and the trespass is committed by seizing the property of the wrong person; but if such *plaintiff attends the sale, and bids in the property, he is a trespasser.* The trespass was committed by the officer, for his benefit, and he, by his subsequent act, ratifies it, which shall amount to a command, according to the legal maxim, *omnis ratihabitio retrohabitur et mandato equiparatur.* This is clearly the doctrine of the common law, and fully recognized in *Deal v. Bogue,* 8 Harris, 228.

"It seems to be equally well settled, that if the sheriff, or a stranger, illegally take the goods of another, in execution, and sell and *deliver them to a third person,* trespass cannot be supported against the latter, because they came to him without fault on his part. 2 Roll. Abr. 556, p. 50; Bro. Ab. Trespass, 48. Lord Coke, in his 4 Institutes, 317, says, 'that by the common law, he that receiveth a trespasser, and agreeth to a trespass after it be done, is no trespasser, unless the trespass was done *to his use, or for his benefit,* and then his agreement subsequent, amounteth to a commandment;' and in that he draws the distinction between what amounts to a trespass by the common and the forest laws. The doctrine is settled as far back as the Year Books, and we find it still adhered to in the English courts. See *Willson* v.

*Barker and others,* 4 B. & Ad. 614; 6 Man. & Gran. 236; Cowp. 263.

"This subject has been carefully examined, and decided by the Supreme Court of our own State, in *Ward et al.* v. *Taylor,* 1 Barr, 238, where it is also held, that, at the time of the sale, the owner has neither the possession, nor the right of possession, but the same is in the sheriff.

"4th. It is contended, that Mr. Fisher was a participant in this trespass, by issuing the writ as plaintiff's attorney, being present, and bidding at the sale, permitting the sheriff to return the property sold to him, as plaintiff's agent, and subsequently having it removed. We are of the opinion, that an attorney does not become a trespasser by issuing a writ on a valid judgment, by reason of any subsequent trespass committed by the sheriff in its execution. When present and bidding at the sale, he stands on the same footing as any other bidder; and in buying the property, as agent of the plaintiff in the writ, he might, probably, render his principal a trespasser by the ratification, but, as the act was not done for *his benefit,* his subsequent assent will not amount to an original command. Cowp. 478; 3 Wills, 377; 46 Eng. Com. Law Rep. 235; Ib. 848.

"According to the principle already cited from 2 Roll. Abr. 556, and Bro. Ab., title Trespass, the party does not become a trespasser by the removal of the property purchased, because it was lawfully delivered to him by the officer, and the sale was under color of authority. The acceptance of goods unlawfully taken by another, is not evidence of assent; as where a poundkeeper received goods illegally distrained. Cowp. 476. Mr. Fisher was liable in trover for the value of these goods so soon as he removed them, or, after the sale, the present plaintiff might probably have seized them by a writ of replevin; but, in our opinion, there is no evidence in the case, to sustain an action of trespass against him; and on the whole facts proved, the plaintiff is not entitled to recover."

To this charge, the plaintiff's counsel excepted, and assigned the same for error.

*Alricks* and *Briggs,* for plaintiff in error.—The only question to be considered and decided by the court, in this case, is, whether, under the evidence of the cause, as submitted to the court below, this action of trespass can be sustained. The court below withdrew the whole case from the jury, and charged them that the plaintiff could not recover *in this form of action.*

It was admitted, on the argument of the case, in the court below, that if the plaintiff in the execution, had bought the property at sheriff's sale, and taken it away, as was done by the defendant in this suit, that he would clearly be liable in this

[Hammon v. Fisher.]

action; but a distinction was taken by defendant, between the act of the attorney on the record, *professing to act for the plaintiff*, and the act of the plaintiff himself—a distinction which was sustained by the court below. In doing so, we respectfully submit, that they committed an error. Broom on Actions at Law, 291, 133, 134; 4 Burr. 2108; 1 Saund. 75; Chit. on Pl. 91, 95; 2 Saund. 47; Broom, 176, 314. The levy did not divest plaintiff's title; he had a right to the immediate possession of the timber, even while it was in the constructive custody of the law. Although he could not sustain replevin, his right of property and constructive possession were not divested. *North* v. *Turner*, 9 S. & R. 250; *Petrie* v. *Lamont*, 41 Eng. Com. Law R. 59; *Dallam* v. *Fitler*, 6 W. & S. 333; *Fanant* v. *Thompson*, 7 Eng. Com. Law R. 272; *Codrington* v. *Lloyd*, 35 Id. 433; *Meredith* v. *Flaxman*, 24 Id. 230; *Cook* v. *Wright*, 21 Id. 438; 2 Saund. Pl. & Ev. 1083; *Parsons* v. *Lloyd*, 3 Wilson, 341; *Barker* v. *Braham*, Ib. 361; Paley on Agency, 401; 2 U. S. Dig. 858; Pl. 235; Esp. N. P. 264, 265; 14 S. & R. 307; 1 Pa. R. 264; 8 Watts, 274; 10 Id. 9; 9 S. & R. 248; 1 H. 214; 6 W. & S. 323.

*McCormick* and *Flemming*, for defendant in error.—The only question presented by the record, for the consideration of the court in this case is: Was the defendant below a trespasser *ab initio* in issuing the execution; or did he subsequently become so by becoming the purchaser of the property, and giving directions for the removal of the two rafts so purchased by him, nearly three months after such sale?

The position was taken in the court below, and sustained by that court, that if the sheriff had *illegally* taken the goods of Hammon, and not those of M'Mullen, and sold and delivered them to Fisher, trespass could not be supported against the latter, upon the well established common law principle, "that he that receiveth a trespasser, and agreeth to a trespass after it be done, is no trespasser, *unless the trespass was done to his use and for his benefit*, and then his agreement subsequent amounteth to a commandment."—Coke's Inst., part 4, p. 317. *Wilson* v. *Barker*, 24 Eng. Com. Law, 124; *Wilson* v. *Tumman*, 46 Id. 235; *Barrett* v. *Warren*, 3 Hill, 348; 1 Wend. 109; 8 Id. 125; 19 Id. 431; 11 Johns. 382; *Brooks* v. *Olmstead*, 5 Har. 24; *Ward* v. *Taylor*, 1 Barr, 238; *Shearick* v. *Huber*, 6 Bin. 2; 2 Broom, 160; 3 Y. 82; 7 Watts, 173; *Deal* v *Bogue*, 8 H. 228; *Gillingham* v. *Clark*, D. C. C. C. P. 7 Leg. Int. 114; Sup. to Wh. Dig., title Trespass, pl. 14; 2 Roll. Abr. 553; *Jaman* v. *Hooper*, 46 Eng. Com. Law, 826; *Lynch* v *Barton*, 16 S. & R. 368; *Campher* v. *Anawalt*, 2 W. 493; *Scott* v. *Seiller*, 5 Id. 235; *Reamer's Appeal*, 6 H. 510.

[Wyant *v.* Dieffendafer.]

The opinion of the court was delivered July 16, 1856, by

Lowrie, J.—This suit was evidently brought against the sheriff and the attorney, for the wrongful seizure of the plaintiff's property, on an execution; but as the attorney had no hand in the seizure, that ground of recovery fails, as against him.   Now, when the suit comes to be tried, the sheriff is dead; and as the attorney happened to be the purchaser at the sheriff's sale, and took away the property afterwards, the plaintiff changes his ground, and wishes to treat the removal of the property by the purchaser, as the wrong done to him.   May he do so?   Perhaps not; for this would seem to be merely a completion of the purpose of the original act of seizure by the sheriff.   But may he use this action of trespass to recover on that ground?   The learned judge of the Common Pleas said no; and this view is fully sustained by the case of *Wood* v. *Taylor*.   Even if the property did belong to the plaintiff, at the time of the seizure, he could not have the constructive possession after that, until the purposes of the seizure were fulfilled.   Constructive possession is that which the law attributes to an owner who has not the actual possession, for the purpose of giving him suitable remedies.   But the law does not attribute it, when it has the property in its own possession by means of its office.   Till it lets go its hold, by sale and delivery of possession, the actual and constructive possession are both out of the owner, at least so far as the sheriff and the purchaser are concerned.   The sheriff made all the seizure that was necessary in the case, to give him authority to sell, and if the purchaser took away the property, without a delivery by the sheriff, it was not the plaintiff that was wronged by it.   His constructive possession does not re-attach, until the property has been properly passed out of the sheriff's hands.   The attorney issued the writ on a regular judgment, and we see nothing in the case, that entitles this plaintiff to expect that he should be treated as occupying any other relation than attorney in doing so.

Judgment affirmed.