AMELIA HANRAHAN v. NATIONAL BUILDING, LOAN AND PROVIDENT ASSOCIATION.

Argued November 9, 1900—Decided February 25, 1901.

1. Parol contemporaneous evidence is inadmissible to contradict or vary a written agreement.
2. Where a party has been induced by fraudulent representation to enter into a written contract, and has paid money upon it, he may maintain an action for deceit against the party guilty of the fraud, or, after legally rescinding the contract, he may recover in an action of *assumpsit* what he has paid upon it, but the rescission must be before suit brought on the basis of the fraud.

---

On *certiorari* to the Second District Court of Newark.

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Howard W. Hayes.*

For the defendant, *Frank Bergen.*

FEBRUARY TERM, 1901.                81

*37 Vroom.*      Hanrahan v. Nat'l Bldg., Loan & Prov. Asso.

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was brought in the Second District Court of the city of Newark, where the plaintiff below recovered a judgment for the sum of $65.

The defendant company certified the case into this court, relying for reversal upon reasons which will appear from the following statement:

The plaintiff made application, in writing, for five shares of installment stock of said company, in which she agreed to abide by the constitution and by-laws of the company and all the conditions therein set forth.

Thereupon a certificate for said five shares, subject to all the conditions set forth in the said application and in the constitution and by-laws of said company, was issued and delivered to her.

In October, 1899, the plaintiff gave notice to the defendant that she wished to withdraw from said company, whereupon a withdrawal certificate was given to her for the sum of $46.75, which was the amount due her on withdrawing, according to the terms of the written contract.

Thereupon she commenced suit in said district court to recover $65, the full amount paid by her to the defendant.

The state of demand filed by her in said suit is as follows:

The plaintiff demands of the defendant the sum of $100, for that, whereas, the said defendant deposited with the said plaintiff the sum of $65, during the years 1898 and 1899, in thirteen separate installments of $5 each, upon the understanding and agreement that the said sum would be repaid by the defendant to the plaintiff on demand, with interest; demand for such payment having been made by the plaintiff and compliance therewith refused by the defendant, therefore the said plaintiff will claim judgment at the proper time for said sum of $65, together with lawful interest and costs of suit.

The state of the case settled by the trial court and certified into this court, showing the proceedings at the trial and the alleged errors, is as follows:

The case was tried before the court and a jury.

The suit was brought to recover from the defendant the sum of $65, being thirteen monthly installments of $5 each paid by the plaintiff to the defendant, upon a certificate for five shares of stock of the defendant, a building and loan association incorporated under the laws of the State of New Jersey. The payments began in October, 1898, and ended in October, 1899.

The evidence of the plaintiff was, that during the month of October, 1898, a man, who gave his name as Murphy, called upon her at her residence in the city of Elizabeth, and represented himself to be the soliciting agent of the defendant corporation. That he solicited her to become a member or shareholder in the defendant association. That she asked Murphy whether she could withdraw at any time she pleased and get all of her money back, with interest; and that he informed her that if she withdrew at any time within a year she could get back only what she paid in, but would receive no interest. The plaintiff further testified that Murphy explained to her somewhat in detail the system of the association, and also showed to her some printed matter. (copies of which are annexed), in connection with the association's plan of business, but that he did not read any of it to her, nor did she read it herself, as she relied entirely upon what Murphy told her. The plaintiff then signed an application for membership in the defendant association (copy of which is annexed) which she did not read, and she paid to Murphy the first installment of $5 at the time she signed the application for membership. The plaintiff, a short time afterwards, received from the defendant and retained a passbook of the defendant corporation (copy of which is annexed), containing a copy of its constitution and by-laws, and also received a certificate for five shares of stock (copy of which is annexed), of the defendant association, neither of which, she testified, did she read.

The counsel of the defendant objected to the admission of so much of the plaintiff's testimony as related to the statement said to have been made to her by Murphy as to her right to withdraw at any time she wished to do so, upon

the ground that the contract between the plaintiff and the defendant was to be found in the application for membership, the pass-book, the certificate of shares and the printed matter already referred to, and to admit her testimony in regard to the representations of the agent, would be to admit parol evidence contradicting the terms of the written contract. The court overruled the objection. To this ruling objection was taken and allowed.

The plaintiff also testified that in October, 1899, she gave notice to the defendant of her wish to withdraw from the association, and turned in to the association her certificate of stock and pass-book; and the association issued to her a withdrawal certificate for the sum of $46.75 (copy of which is annexed), which sum the defendant claimed was all that was due to the plaintiff under the withdrawal rules of its constitution and by-laws. The plaintiff testified that she signed the withdrawal application, supposing that the defendant would pay her the full amount which she had paid in, according to the representations made to her by the soliciting agent Murphy.

At the conclusion of the plaintiff's case, the defendant's counsel moved for a nonsuit on the ground that no action could be maintained by the plaintiff against the defendant until she had surrendered the withdrawal certificate issued to her by the association already referred to. The plaintiff's counsel thereupon tendered the withdrawal certificate to the defendant. The counsel of the defendant objected to the tender, claiming that it should have been made prior to the commencement of the suit. The court overruled this objection and permitted the tender to be made, and denied the motion of nonsuit, to which ruling the defendant prayed exception, and the exception was allowed.

The president of the defendant company was called as a witness for the defence and testified that Murphy, the agent who called upon the plaintiff, was authorized to solicit persons to join the association, and to explain to such persons the scheme of the association and the rights of members, and to accept payments from them, but was not authorized

84    NEW JERSEY SUPREME COURT.

Hanrahan v. Nat'l Bldg., Loan & Prov. Asso.    *66 N. J. L.*

to make any representations contrary to the provisions of the constitution and by-laws and other printed matter of the defendant.

The agent Murphy was then called, and denied that he had represented to the plaintiff that she might have returned to her the money she had actually paid in at any time she might wish to withdraw, but stated that he explained to her the constitution and by-laws of the association, and particularly regarding withdrawals, and made no representations that in any way conflicted with the provisions of the constitution and by-laws.

The defendant then put in evidence certain exhibits, copies of which are hereto annexed.

The plaintiff was recalled, and denied the statement of the agent Murphy that he had read the constitution and by-laws to her relating to withdrawals as testified to by him, and reiterated her former testimony as to what he had told her regarding her right to withdraw at any time she wished to do so.

The court in charging the jury said, that if they found that the defendant's agent had induced the plaintiff to invest her money in the association upon the representation that she might withdraw at any time she chose, and would be entitled to receive from the association the full amount she had paid in, that she would be entitled to recover $65. The jury was also instructed that if the defendant had authorized and instructed its agent to explain its method of doing business, and to solicit subscriptions to its stock only upon the terms laid down in the defendant's constitution and by-laws, and the agent, disregarding these instructions, misrepresented the provisions of the constitution and by-laws to the plaintiff, thereby inducing her to invest her money, she would be entitled to recover the full amount claimed by her.

The jury was further instructed that if they found that the agent truly explained to the plaintiff the provisions of the constitution and by-laws, and that she had subscribed to the stock of the defendant after the agent had made known to

her the terms of withdrawal as declared by the constitution and by-laws of the association, and that no false or erroneous representations were made by the agent to induce her to subscribe, their verdict should be for the defendant.

The jury rendered a verdict for the plaintiff for $65.

The reasons relied on for reversal are that the district court refused to nonsuit the plaintiff; that illegal evidence was admitted and that judgment should have been rendered for the defendant.

It is well settled in this state that where parties have put their contract in writing, the written contract shall be the only evidence of the contract as finally concluded, and that oral testimony is inadmissible to contradict or vary the writing. *Naumberg* v. *Young*, 15 *Vroom* 331.

In a suit, therefore, upon the contract it was not competent for the plaintiff to show, by parol, that a different contract was entered into, and the plaintiff could not recover upon the written contract added to, modified and changed by parol evidence.

All that could be recovered in a suit upon the contract between the parties was the sum stipulated in the writing to be paid.

But where a party has been induced by fraudulent misrepresentation to enter into a contract, and has paid money upon it, he may maintain an action of deceit against the person guilty of the fraud, or after legally rescinding the contract, he may recover back in an action of *assumpsit* what he has paid upon it. *Byard* v. *Holmes*, 4 *Vroom* 119; *Cummings* v. *Cass*, 23 *Id.* 77.

A contract obtained by fraud is not void but voidable only at the option of the innocent party.

At the time this suit was instituted the written contract was the contract between these parties, subject only to rescission at the will of the plaintiff. Until she gave notice to the defendant company of her election to repudiate the contract on account of the alleged fraudulent representations, she had no legal *status* as a suitor other than that which the written engagement gave her.

The cause of action which rendered competent the parol evidence, offered and admitted on the part of the plaintiff, had not arisen at the time the suit was brought, and it was error to receive it as a ground for recovery in that suit.

Byard *v.* Holmes expressly holds that rescission must be before suit brought.

In the absence of such rescission before suit brought, the evidence objected to was incompetent and inadmissible and should not have been received.

There was error also in the refusal of the trial court to nonsuit the plaintiff.

The plaintiff, notwithstanding the fraud, had a right to affirm the written contract and recover upon it according to its terms.

The withdrawal certificate, which is made part of the state of the case, and is drawn in conformity to the written contract, and dated October 14th, 1899, certifies that the plaintiff is entitled to the sum of $46.75, payable in thirty days from the date thereof.

This withdrawal certificate was delivered to and received by the plaintiff.

She commenced her suit in the District Court on the 25th day of October, 1899, before the due-day of the money upon said written contract, and without offering to return the certificate and giving notice of rescission, consequently she was not entitled to recover anything in said suit.

For the reasons stated the judgment below should be reversed, with costs.