ALLEN H. BREWSTER, DEFENDANT IN ERROR, v. DEMAREST BANTA, PLAINTIFF IN ERROR.

Argued February 25, 1901—Decided June 10, 1901.

1. Suit on a note signed by Demarest Banta and endorsed by Harvey D. Banta. The defence was that the note in question was made on Sunday, and that it was given in payment of the difference on an exchange of horses concluded on that day, and was therefore void. The case was tried at the Bergen Circuit by the court without a jury. It appeared that the note was made and endorsed on Sunday. The judge held that the Sunday transaction was wholly illegal, and a nonsuit as to Harvey Banta was directed, on the ground that he had no connection with the transaction except in

the endorsement of the note. There was a finding against Demarest Banta, on the ground that subsequently he had made an express promise to the plaintiff to pay the debt.

2. The statute forbidding worldly employment or business on Sunday renders void every transaction which, if performed on a weekday, would be enforceable in. a court of justice; that such a transaction, being wholly void, could not be validated by ratification; but that the consideration emanating from the tainted contract will be sufficient to form the foundation for a new express promise, on which recovery may be had. The trial court found, as a question of fact, that, so far as Demarest Banta was concerned, there had been such an express promise to pay the debt, and there was evidence of such a subsequent express promise.

3. . In the trial of a case before the court, the court is substituted for the jury, and its finding on questions of fact, there being competent evidence, cannot be reviewed on writ of error; all that can be reviewed is the sufficiency of the facts found to support the judgment.

On error to the Bergen Circuit.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff in error, *John S. Mackay.*

For the defendant in error, *Edmund W. Wakelee.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE. The declaration contains only the common counts. Annexed to it is a notice, pursuant to the statute, that the action was brought to recover the amount due on a promissory note, dated November 7th, 1898, made by Demarest Banta and endorsed by Harvey D. Banta. The defence was that the note in question was made on Sunday, and that it was given in payment of the difference on an exchange of horses concluded on that day, and was therefore void.

The case was tried in the Bergen Circuit by the court, without a jury. The court directed a nonsuit as to Harvey Banta and found in favor of the plaintiff as against Demarest Banta. The judge held that the Sunday transaction was wholly illegal, and a nonsuit as to Harvey Banta was directed on the

ground that he had no connection with the transaction, except in the endorsement of the note. The finding against Demarest Banta was made on the ground of an express promise made by him to the plaintiff to pay the debt after the note was given, which the learned judge decided was binding upon him.

The law regulating this subject is conclusively settled in the series of cases beginning with *Reeves* v. *Butcher,* 2 *Vroom* 224. In the first of these cases the Supreme Court held that the statute forbidding worldly employment or business on Sunday rendered void every transaction which, if performed on a weekday, would be enforceable in a court 'of justice; that such a transaction, being wholly void, could not be validated by ratification; but that the consideration emanating from the tainted contract will be sufficient to form the foundation for a new express promise, on which recovery might be had. *Reeves* v. *Butcher, supra; Ryno* v. *Darby,* 5 *C. E. Gr.* 231; *Cannon* v. *Ryan,* 20 *Vroom* 314.

The trial court found, as a question of fact, that, so far as Demarest Banta was concerned, there had been an express promise to the plaintiff to pay the debt. In the trial of an issue before the court, a jury being waived, pursuant to section 176 of the Practice act (*Gen. Stat., p.* 2562), the court is substituted for the jury, and its findings on questions of fact cannot be reviewed on writ of error; all that can be reviewed is the sufficiency of the facts found to support the judgment. *Columbia Delaware Bridge Co.* v. *Geisse,* 9 *Vroom* 39, 580; *City of Elizabeth* v. *Hill,* 10 *Id.* 555; *Blackford* v. *Plainfield Gas Light Co.,* 14 *Id.* 438. In this case there was evidence of a subsequent express promise to pay the note, and the trial judge so found. That decision cannot be called in question.

The judgment should be affirmed.