## AMELIA HANRAHAN v. THE NATIONAL BUILDING LOAN AND PROVIDENT ASSOCIATION.

Argued November 6, 1901—Decided February 24, 1902.

Where a party has been induced by fraudulent representations to enter into a written contract and has paid money upon it, he may maintain an action for deceit against the party guilty of the fraud, or, after rescinding the contract, he may recover, in an action of *assumpsit*, what he has paid upon it, but the rescission must be before suit brought.

On *certiorari*.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff, *Frank Bergen*.

For the defendant, *Howard Hayes*.

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was instituted in the Second District Court of Newark, and resulted in a judgment for

Amelia Hanrahan, the plaintiff. It was brought to recover the sum of $65, which the plaintiff paid to the defendant in thirteen installments of $5 each, on account of an alleged contract of subscription to five shares of the stock of the defendant company.

We find that the plaintiff was induced to enter into that contract by false representations of the agent of the defendant.

More than a year ago she brought suit to recover the money paid, and recovered judgment, which was certified into this court and set aside for the reason that it did not appear that the plaintiff had rescinded the contract before she brought suit. *Hanrahan* v. *National Building Loan and Provident Association,* 37 *Vroom* 80.

After that decision was rendered the plaintiff rescinded the contract, and brought the present suit.

The issue was whether the plaintiff had been induced to enter into the contract by reason of the false representations of the defendant's agent.

The law applicable to the case is discussed in the opinion delivered in the former case, and in which it is held that recovery may be had after rescission.

It appears that the agent called at the house where plaintiff was employed, in 1898, with some voluminous, closely-printed documents in small type, constituting what is called the literature issued by the defendant, and which, it is alleged, contains their scheme of transacting business.

The agent testifies, and the president of the company admits, that he was authorized to explain, and did explain, to the plaintiff the character of the contract. It was obviously impossible for anyone to read the documents issued by the company in less than several hours.

The plaintiff is corroborated in her statement that the agent assured her that she could surrender her stock and get her money back at any time within a year without interest, and that if she left her money in for more than a year she could get it back with interest.

· The plaintiff had no knowledge of the nature of the contract except what she derived from the explanation of the agent.

The agent admits that some of the papers, which the defendant insists constitute part of the contract, were not delivered to the plaintiff until after the first payment was made by her and after she signed the application.

We accept the evidence on the part of the plaintiff as true, and find that the contract was procured by fraud.

The judgment below should be affirmed, with costs.