C. B. COLES & SONS' COMPANY, PLAINTIFF IN ERROR, v. KIRK BLYTHE, DEFENDANT IN ERROR.

Argued June 17, 1903—Decided July 20, 1903.

1. Where a writ of *certiorari* is used as a writ of error to review the action of a lower court, not a special statutory tribunal, the Supreme Court and this court will not review findings of fact if there is any evidence to support the findings.
2. Proper practice requires that the lower court should be called on to certify the facts found; if it is unable to certify the facts, depositions may be taken to determine what facts were found.
3. It is improper in such a case to bring up all the evidence taken in the lower court.

On error to the Supreme Court.

For the plaintiff in error, *George H. Peirce,* with whom was *William D. Lippincott.*

For the defendant in error, *John J. Crandall,* with whom was *Ulysses G. Styron.*

The opinion of the court was delivered by

SWAYZE, J. On November 26th, 1901, a writ of attachment was issued out of the Atlantic Circuit Court in favor of C. B. Coles & Sons' Company against Kirk Blythe as a non-resident debtor. Money due to the defendants was attached and the auditor received the sum of $846. On March 5th, 1902, Blythe confessed judgment to Edwin Smith. Execution was issued thereon, supplemental proceedings were had, and a receiver appointed May 1st, 1902. On the same day, upon the petition of Smith, the judgment creditor, the court ordered that the plaintiffs in the attachment suit show cause why the writ of attachment should not be quashed upon the ground that Blythe was a resident of the State of New Jersey at the time the attachment was issued. Testimony was taken upon this rule on both sides, and on July 2d the application to quash the writ was denied and the rule to show cause discharged. The conclusions of the Circuit Court printed with the case show that the justice holding the Atlantic Circuit found, as a fact, that at the date of attachment the defendant was resident in Pennsylvania. On July 17th, 1902, the proceedings were removed by *certiorari* to the Supreme Court. That court, at the February Term, 1903, reversed the order of the Circuit Court. The opinion states that the evidence is uncontradicted that, at the time the attachment was issued, Mrs. Blythe was at the house formerly occupied by herself and her husband in Atlantic City, and the Supreme Court concluded that that house was the defendant's dwelling-house and usual place of abode, and that summons might have been served upon him there. A writ of error issued out of this court on March 13th, and upon an allegation of diminution in the record, a writ of *certiorari* was issued to bring up "the writ of *certiorari* and return thereto, and the judgment thereon of the Supreme Court of the State of New Jersey, together with affidavit for attachment, writ of attachment, return of attachment, judgment of Edwin Smith, petition for discovery, examination on discovery, order appointing receiver, petition of judgment creditor, rule to show cause, order

·discharging rule to show cause, conclusions in the Circuit Court, reasons for reversal, the testimony taken under the rule to show cause issued out of the Circuit Court of the county of Atlantic why the attachment in this case should not be ·quashed, together with all things touching and concerning the same."

In pursuance of this, all the proceedings have been printed. The writ of *certiorari,* issued by the Supreme Court to the Circuit Court, brought up the judgment, order and proceedings dismissing the rule to show cause.

The practice adopted by counsel for the defendant in error in taking to the Supreme Court the evidence upon the rule to show cause was improper. The proper practice is clearly indicated in *Bisbee* v. *Bowden,* 26 *Vroom* 69; *Stafford* v. *Mills,* 28 *Id.* 570; *McAdam* v. *Block,* 34 *Id.* 508. In the last case the present Chief Justice, in a careful opinion, citing the cases, clearly stated that upon a writ of *certiorari* to review a decision of a lower court in a case of this kind, the review will be confined to errors in law. Proper practice requires that the court below should be called on to certify the facts found by that court. If, for any reason, the court is unable to certify the facts found by it, a rule may be granted by the Supreme Court to take depositions to ascertain the facts upon which the determination of the court below was made, as was done in Stafford *v.* Mills. Upon the facts ·found by the court below being certified, or ascertained by means of depositions, as the case may require, the Supreme Court determines whether or not any error in law has been committed. The writ of *certiorari* in cases of this kind takes ·the place of, and has the function of, a writ of error, and the Supreme Court cannot be required to review the evidence to determine whether or not the findings of the lower court were correct. If there is any evidence to warrant the findings of the lower court, its conclusions upon the question of fact cannot be set aside, and the judgment can only be ·reversed for error in law.

If that course had been pursued in this case, no difficulty could have arisen, for the Circuit Court found as a fact that the residence of Blythe was in Pennsylvania at the time the attachment was issued, and the testimony of at least two witnesses, if believed, justifies this finding. The Supreme Court fell into the error of overlooking this testimony. It appears to have been misled by the manner in which the case was presented. In the printed book, as presented to us, this testimony appears on pages 7 to 19; on pages 21 to 23 appear notices of taking affidavits, and on page 24 further depositions taken in the cause begin; all the subsequent pages to page 111 (inclusive) are taken up with these depositions. It is quite apparent to us that the court assumed, from the manner in which the record was presented, that the testimony on pages 24 to 111 (inclusive) was all the testimony in the case, and this error was a very natural one.

Since we find evidence supporting the finding of the Circuit Court, it is unnecessary and, strictly speaking, improper for us to consider the weight of the testimony, but, as the practice in this class of cases has been somewhat unsettled until the recent cases above cited (none of which are in this court), we have reviewed all the testimony and are satisfied that the conclusions of the Circuit judge are correct, and that, at the time of the issuing of the attachment, the defendant had no usual place of abode in this state at which a summons could be served. It is immaterial, under our decisions, whether or not his legal residence was in New Jersey. *Stout* v. *Leonard,* 8 *Vroom* 492.

It was urged that the assignments of error in this case failed to present the question with definiteness, because they failed to point out the testimony which justifies the inference of the Circuit judge; but it is not the function of an assignment of error to state evidence. The error of law is clearly stated in the assignments.

The judgment of the Supreme Court should be reversed and the rule to show cause discharged.

The plaintiff in error is entitled to costs in both courts.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, FORT, PITNEY, SWAYZE, BOGERT, VREDEN-BURGH, VOORHEES, VROOM, GREEN, GRAY.    13.