HARRY HARRIS v. ATLANTIC CITY.

Argued November 8, 1905—Decided February 26, 1906.

1. The ordinance of Atlantic City, approved April 11th, 1905, forbidding any person to hire, or offer for hire, rolling chairs on the boardwalk along the ocean in front of the city, is valid.
2. The verb "to hire" is employed in that ordinance in its secondary sense, meaning to grant the temporary use for compensation.
3. On a *certiorari* to review a conviction in a municipal court for the violation of an ordinance the Supreme Court will not disturb the decision of the lower court upon a question of fact when it is supported by legal evidence.

On *certiorari*.

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *John J. Crandall.*

For the city, *Harry Wootton.*

The opinion of the court was delivered by

DIXON, J. The prosecutor has sued out two writs of *certiorari*, one bringing up an ordinance of Atlantic City, approved April 11th, 1905, to regulate the use of the boardwalk along the ocean in front of the city; the other bringing up the conviction of the prosecutor for violation of the ordinance.

The ordinance provides that no person or corporation shall, on the boardwalk, exhibit, rent, hire, sell or exchange, or offer for rent, hire, sale or exchange, any goods, wares, merchandise, tickets of admission, commodity, rolling chair or other vehicle for carrying passengers.

The reasons assigned by the prosecutor for setting aside this ordinance are that the ordinance is not authorized by statute; that the power of the city council is limited to the licensing of persons to use the boardwalk in certain modes, and to the prohibition of such use by persons not so licensed, and that the restrictions of the ordinance are an invasion of private right and are unreasonable.

The statutory authority to regulate the use of the boardwalk is conferred by section 11 of the act of April 6th, 1889 (*Pamph. L., p.* 206), under which the walk was constructed, and also by paragraph 6, section 14 of the act of April 3d, 1902 (*Pamph. L., p.* 284), under which Atlantic City is now governed. The legislature has fixed no express limitation upon this general power to regulate, and the only limitation which the courts can impose is that it shall not be exercised unreasonably. *Pennsylvania Railroad Co.* v. *Jersey City,* 18 *Vroom* 286; *Trenton Horse Railroad Co.* v. *Trenton,* 24 *Id.* 132; *Cape May Railroad Co.* v. *Cape May,* 30 *Id.* 396.

We must therefore consider whether the ordinance under review transgresses this limitation.

The primary object to be subserved under the act of 1889, above cited, in laying out and constructing "public walks along the beach or ocean front," was evidently to secure pleasant promenades for pedestrians, and we perceive nothing unreasonable in an ordinance forbidding the use of such walks for traffic which may interfere with that object. *Commonwealth* v. *Ellis,* 158 *Mass.* 555. The hiring of chairs upon the boardwalk may certainly cause such interference. The design indicated by this restriction is that rolling chairs shall not be allowed on the boardwalk except when they are in actual use by passengers, or are going to some place off the walk where they may be kept for hire. To this extent, at least, the ordinance is reasonable, and so far only does it now concern the prosecutor. It will be time enough to consider its other provisions when their enforcement is attempted. *Pennsylvania Railroad Co.* v. *Jersey City,* 18 *Vroom* 286.

The ordinance does not in any sense invade private right, for the right to use these public places is altogether public and is confined to such uses as do not violate law. We consider the ordinance, in the particular above mentioned, valid.

The reasons assigned by the prosecutor for contesting the legality of his conviction under this ordinance are, in effect, that the evidence before the recorder did not warrant the conclusion that the prosecutor had offered his rolling chair for hire upon the boardwalk, and that as his rolling chair had been licensed under another ordinance of the city he had a right so to offer it.

Although the primary meaning of the verb "to hire" is *to procure* the temporary use of an article for compensation, its secondary meaning is *to grant* such a use, and we think this latter meaning is that intended in the ordinance. Such signification is clearly shown in the clause which forbids any person to offer a rolling chair for hire. Only a person possessing the chair can make such an offer.

The evidence that the defendant offered on the boardwalk

thus to hire his rolling chair was certainly meagre and was contradicted, but its effect was a matter to be determined by the trial judge, and we have no power to review his decision on that question of fact, there being sufficient evidence to support his conclusion. *Coles* v. *Blythe,* 40 *Vroom* 666.

The fact that the rolling chair was licensed did not relieve the prosecutor from the prohibitions contained in this ordinance. So far as we are informed, the license merely authorizes the use of such chairs on the boardwalk for carrying passengers. It did not permit that they should be either hired or offered for hire.

All the proceedings brought up by these writs should be affirmed, with costs.

The opinion in this case applies to the writs sued out against the city by Solomon Abrams, Abe Adovitz, Moses Effron, Frederick Lieb and Carrington Rose, and the like judgment must be entered in those cases.

