CALEB A. L. SHINN v. BARCLAY HAINES.

1. Proof of a sufficient excuse for not performing a contract, will not sustain an averment in the declaration, that it was performed.

2. On a promise to pay an agent who effected a sale, a sum for his services if vendee fulfilled his agreement; agent is entitled to recover of vendee, if vendee was ready to fulfil, but did not, by default of vendor.

On *Certiorari* to Burlington Common Pleas.

Argued January Term, 1848, before WHITEHEAD, and RANDOLPH, JJ.

*Slack*, and *Attorney General*, for plaintiff.

*Stratton*, and *Ten Eyck*, for defendant.

This was an action of debt, prosecuted by Haines against Shinn, before a Justice of the Peace, and judgment rendered for the plaintiff. An appeal was taken to the Common Pleas, and the judgment of the justice affirmed.

The principal reason relied upon for the reversal of the judgment, is the variance between the proof in the cause, and the averments in the plaintiff's state of demand.

The suit is upon a contract dated the 27th day of August, 1841, signed by Shinn, whereby six months after the date thereof, he promised to pay to the plaintiff fifty dollars for services

rendered, as agent between Shinn and one Joseph Ingle, *if said Ingle fulfil a certain agreement made this day in an exchange of goods for his (Shinn's) Taylor Farm.*

The state of demand, after setting out the contract, avers that after the date of the contract, to wit, on the 3d day of September, 1841, the said Ingle did fulfil the said agreement made on the said 27th day of August, between him the said Ingle and the defendant in an exchange of goods by the said Ingle for the farm of the defendant, and that the said Ingle did well and truly fulfil and perform all and singular the terms of the said agreement on his part to be fulfilled and performed.

By the state of the case, agreed upon by the parties, it appears that after the plaintiff had proved the execution of the contract he offered in evidence, having first proved the execution of the same, the agreement between the defendant below and Ingle, bearing date the same 27th day of August, 1841, by which the defendant, Shinn, agreed on his part to sell to Ingle the farm therein described, called his Taylor farm, within ten days. In consideration whereof, Ingle agreed on his part *to give or pay in goods at the market prices, No. 20 Lagrange street, Philadelphia, $3,750, and to be such articles as Shinn wished to take.* The plaintiff below then offered to prove by Ingle that about half an hour after the agreement between him and Shinn was executed, a particular day within the ten days was agreed upon between them, to meet at 20 Lagrange street, in Philadelphia, and perform the agreement. That Ingle did attend at the time and place so agreed upon, and was then ready to perform the said agreement on his part, but that Shinn did not attend, and that he (Shinn) afterwards and within the ten days refused to perform his part of the agreement. To this evidence the plaintiff below objected, because it did not shew a fulfilment of the agreement by Ingle, but only an excuse for not fulfilling it. The court of Common Pleas admitted the evidence.

The opinion of the court was delivered by

WHITEHEAD, J. The question for our consideration is,

whether the proof given, sustained the averment in the plaintiff's state of demand.

The payment of the money was conditioned, *if Ingle fulfilled a certain agreement.* The agreement on his part was to give or pay in goods $3,750 for the defendant's farm. The performance. of this agreement was the condition upon which the money was to be paid. The averment in the state of demand is, that Ingle did well and truly perform his agreement; that is, that he did pay in goods $3,750 for the ·defendant's farm. The evidence did not show a performance of the condition by Ingle, but an excuse for not performing it. Now, it is well settled, that an averment of performance of condition precedent, is not sustained by proof of an excuse for non-performance. 1 *Chit. Pl.* 309–10; *Shinn* v. *Roberts,* 1 *Spencer's Rep.* 435, and cases there collected. Had the plaintiff set out in his state of demand the fact as proven on the trial, that Ingle was prevented from performing his agreement by the conduct of the defendant Shinn, then under the evidence exhibited in the state of the case, there would have been no difficulty in a recovery.

Let the judgment be reversed.