# Aikins v. Thackara Mfg. Company.

*Commissions due salesman—Duty in making sales—Parol contract—Question for jury.*

It is the duty of a salesman selling goods on commission in making sales to select responsible parties to whom consignment of goods safely can be made, and his employers cannot be held liable to pay commissions on sales made to irresponsible or insolvent parties.

It being admitted that orders upon which commissions are claimed were all approved by the principal, the plaintiff has no concern with either the refusal of the vendee to accept or the neglect of the vendor to deliver, nor with questions arising as to the quality, etc., of the goods. The question whether the commissions were due on the acceptance of the order or the delivery of the goods, the contract between the principal and agent being by parol, is for the jury.

An arbitrary refusal to deliver cannot postpone the right to demand commissions even if payable only on delivery of the goods.

Argued Oct. 8, 1900. Appeal, No. 89, Oct. T., 1900, by defendant, in suit of Robert J. Aikins against Thackara Manufacturing Company, from judgment of C. P. No. 3, Phila. Co., Dec. Term, 1897, No. 323, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Assumpsit. Before McCARTHY, J.

It appears from the record and evidence that under a verbal contract plaintiff claimed commissions for sales made through him. Defendant contended that plaintiff was not to be paid commissions unless the goods were taken and paid for. This was denied by plaintiff, who testified that under the contract he was entitled to commissions on all orders accepted by the company. Defendant testified as to various reasons for the noncompletion of the alleged sales, alleging that in some cases the purchasers had become insolvent; in others they had never

built the houses for which the goods were intended; in some the purchasers had declined to take the goods for the reason that they alleged they were not the same as ordered, and again, in some the orders were countermanded.

Defendant submitted a certain point, which, with its answer thereto, is as follows:

[The word "sales" in the contract between the plaintiff and the defendants means actual sales and not contracts to sell, and the plaintiff is not entitled to a commission upon contracts to sell unless followed by an actual delivery of the goods so contracted for. *Answer:* As to the first paragraph of that point, I affirm it. Sales must be actual sales. The plaintiff would not be entitled to a commission on mere contracts. There would have to be an actual sale, as I have already defined it; that is to say, a transfer of the absolute title to the property for a certain agreed price. As to the latter paragraph I have to say that you will have to ascertain what the contract was from the testimony. If the contract was that he should receive commissions on actual sales which were followed up by delivery, then he cannot recover unless the delivery has been proven, unless, as I have said before, the defendants, by some fault of their own, with which the plaintiff had nothing to do, failed to deliver the goods. If you believe that the plaintiff's commissions were to be on actual sales which were to be followed up by deliveries, then your verdict should be for the defendants, unless you find from the testimony that the sales and the deliveries have been proven.] [4]

The court charged the jury in part as follows:

[If you believe the plaintiff's story then he would be entitled to a verdict for the amount of commissions due to him on such sales as were made by him, whether the goods were delivered by the defendant or not.] [1]

[ . . . . But if he made sales to solvent responsible parties and if you believe his testimony in relation to the terms of the contract to be true, the defendants would be liable to him for commissions on all proper sales effected by him, whether they were completed by the delivery of the goods or not.] [2]

[ . . . . If you believe that at the time these parties met together, at the time Mr. Aikins was employed as a salesman,

the agreement was that he was to receive commissions only on the goods that should be delivered by the company to the purchasers, then he is not entitled to recover unless the deliveries were actually made, unless the defendants, by reason of their own fault or negligence, arbitrarily refused or declined to deliver the goods.] [3]

Verdict and judgment for plaintiff for $912.22. Defendant appealed.

*Errors assigned* were (1–3) to portions of the judge's charge, reciting same. (4) In answer to defendant's point, reciting point and answer.

*H. B. Gill*, with him *Silas W. Pettit* and *John R. Read*, for appellant.—It is submitted that in such a contract the word "sales" means actual sales accompanied by deliveries and not a mere contract to sell. This has been expressly ruled by authority: Creveling v. Wood, 95 Pa. 152.

The province of the jury is to settle disputed questions of fact; if no such disputed facts exist there is nothing for them to do and it is for the court to determine the legal effect of the contract: Elliott v. Wanamaker, 155 Pa. 67.

Where the language is clear its meaning is a question for the court and not for the jury: Matthews v. Park Bro. & Co., 159 Pa. 579.

It would seem to be clear that in any possible event the plaintiff could only be entitled to a commission on the "sales" made; that there could be no "sale" unless the title passed, and that in the case of a contract to buy an article which is to be manufactured by the seller, no title passes until it is made and delivered; no title can pass to a thing which does not exist: Benj. on Sales, p. 351; Goddard v. Binney, 115 Mass. 450; Clemens v. Davis, 7 Pa. 263.

*Walter C. Rodman*, with him *Ernest L. Tustin*, for appellee.—The whole case, indeed, was one for the jury, upon numerous disputed questions. Only one point of law is involved, and that is the question of error or not, on the part of the trial judge in his charge.

This instruction was correct, and in line with the most recent authorities: Restein v. McCadden, 166 Pa. 340; Lindsay v. Steel Co., 195 Pa. 120. The cases cited by appellant are not pertinent as against these two decisive citations.

OPINION BY W. D. PORTER, J., October 22, 1900:

The plaintiff was employed by the defendant company, his compensation to be determined by commissions upon the sales which he effected, and this action was brought to recover a balance alleged to be due him. The defendant company, in its printed history of the case, admits that the only sales, as to the right of the plaintiff to commissions on which the jury were called upon to pass, were upon orders which had been presented to and accepted by the defendant company. The contract under which the parties acted was verbal. The plaintiff contended that the agreement was that his commission should be payable when the orders for the delivery of the goods were accepted by the defendant company. The defendant company contended that the contract was that the commissions should be paid only after there had been an actual delivery of the goods and they had been paid for. The language of the court, which is the subject of the first assignment of error, if it stood alone might be subject to criticism, but taken in connection with the instructions by which it was immediately followed, it was a fair presentation of the law which was applicable to the evidence, upon the plaintiff's allegation as to the terms of the contract. The jury were told that it was the duty of the plaintiff in making sales to select responsible parties to whom consignments of goods could safely be made, and that the defendants were not to be held liable to pay commissions on sales made to irresponsible or insolvent parties. As the conclusion of the whole matter upon this branch of the case the learned judge said to the jury: "If you believe his testimony in relation to the terms of the contract to be true, the defendants would be liable to him for all commissions on all proper sales effected by him whether they were completed by the delivery of the goods or not. It was the business of the defendants to fill the orders if the sales were made to proper and responsible parties, and they would not be relieved from liability to the plaintiff for compensation by reason of nondelivery, if he made the sales to proper parties and those sales

were approved by the company when he brought the orders in. If you believe his story, as to the contract, it is not necessary for him to show that those goods were actually delivered. Under the law of Pennsylvania a sale has been defined to be a transfer of the absolute title to the property for a certain agreed price. This is entirely in harmony with the decision of the Supreme Court in Restein v. McCaddem, 166 Pa. 340. Under this instruction the plaintiff could only recover commissions upon sales which he made to responsible and solvent parties. It being admitted that all the orders upon which commissions were allowed had been approved by the defendant company, it was simply a case where the salesman had procured the customer who was solvent and responsible and the defendants had accepted and undertaken to fill the order. " If the goods were properly made, the defendants could compel the purchaser to take and pay for them or pay them compensatory damages. If they were not properly made, they could recover nothing from the purchaser, but that result would follow from their own negligence. But the plaintiff had no concern with either of these questions." The first and second specifications of error are without merit.

The language of the court which is complained of in the third assignment of error, in effect instructed the jury that if they accepted the theory of the defendant company, that the commissions were only to be paid when actual deliveries were made, unless the defendants, by reason of their own fault or negligence, arbitrarily refused or declined to deliver the goods, was as favorable as the defendants had any right to demand. If the contract was that the commission should only be paid when the goods were delivered, the defendants could not arbitrarily refuse to deliver and thus deprive their employee of all compensation for his labor. If the contract was as they asserted it to be, it then became their duty upon accepting the orders to make all reasonable efforts to deliver the goods in accordance therewith, and if they arbitrarily refused or declined to deliver the goods, they could not escape liability to pay commissions : Lindsay v. Carbon Steel Company, 195 Pa. 120.

The learned judge of the court below accepted and affirmed the legal definition of a sale as stated in the defendants' point, the answer to which is made the subject of the fourth assign-

ment of error. The appellant has no fault to find with the instruction of the court as to what constituted a sale, but complains that the court did not, in applying the legal principle to the evidence, arrive at the conclusion that the plaintiff was not entitled to commissions unless there had been an actual delivery of the goods. To have affirmed the point without qualification would have been to have disregarded the contradictions in the evidence as to what the contract was, and to have disregarded the authority of the cases above cited. All the assignments of error are overruled.

The judgment is affirmed.