THE S. E. CROWLEY COMPANY, PLAINTIFF, DEFEND-·ANT IN ERROR, v. CHARLES R. MYERS, DEFENDANT, PLAINTIFF IN ERROR.

Argued March 6, 1903—Decided June 15, 1903.

1. A real estate agent or broker, upon whom· an owner of lands confers authority to sell, under the provisions of section 10 of the statute of frauds, earns his commissions if he procures a purchaser for the lands on the terms fixed by the owner.

2. When the authority conferred is to sell at the price of $70,000, the owner may decline to accept a proposing purchaser whose offer is to buy the lands at the price fixed to be paid, not all·in cash, but in part by the conveyance to·the seller of other lands at the price of $30,000. But if the owner accepts such an offer, the agent is entitled to his commissions.

3. If the owner, upon receiving such an offer, accepts it on an agreement with the agent that he shall not be entitled to or receive commissions upon the price at which the lands are taken in exchange until the agent has procured a satisfactory purchaser for

such lands, and the agent has failed to do so, a defence available in an action for commissions is disclosed upon proof of the agent's failure. Whether the acceptance of the owner was upon such a condition, if contested, presents a mere question of fact.

4. Where the authority conferred on the agent is limited to a period of time, the agent will be entitled to his commissions if, within that time, he procures a purchaser with whom the owner enters into a binding contract of sale and purchase, although the conveyance of the lands is not made until after the time allowed had elapsed.

On error to the Supreme Court.

The following is a copy of the contract and assignment thereof contained in the bill of particulars annexed to the declaration and referred to therein, and upon which the declaration is founded:

"ATLANTIC CITY, N. J., Aug. 25, 1900.

"*Messrs. S. E. Crowley & Co.:*

"GENTLEMEN—I hereby empower and authorize you to sell all that certain property now owned by me in the city of Atlantic City, county of Atlantic and State of New Jersey, No. ......... Pierpont hotel, N. J. avenue, described as follows:

"The price for which I authorize you to sell the above-described property is $70,000.00 seventy thousand dollars. I will accept $...... in cash and allow ...... to remain on first mortgage at rate of 6 per cent. per annum. On which amount I agree to pay you a commission of 2 per cent., or on any selling price which may be agreed upon between myself and the purchaser, in case you procure a purchaser for the same.

"Should I, or any agent sell the said property, I will notify you immediately of such sale.

"Signed,     CHAS. R. MYERS.

"Witness: W. J. MIDDLETON.

"P. S.—This agreement is void after 10 days from date.

"CH. R. MYERS."

"For one dollar and other valuable considerations, we hereby sell, assign, transfer and set over unto the S. E. Crowley Company all of our right, title and interest in and to the within contract and agreement.

"S' E CROWLEY AND CO<br>
"S. E. CROWLEY AND CO.

"Dated August 25th, 1900."

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *Eli Chandler.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment brought into review by this writ of error was entered in an action on contract, wherein the S. E. Crowley Company, alleged to be a corporation of this state, declared against the defendant in a declaration containing two counts, framed upon the contract and the assignment set out in the prefatory statement.

Defendant in his pleading did not question the corporate capacity of plaintiff. The pleas were—*first, non assumpsit,* and *second,* a waiver by plaintiff or its assignor of any commissions in excess of an amount which was admitted to have been paid by the credit given in the bill of particulars. This plea properly concluded with a verification, and called for a replication by plaintiff. No replication to the second plea was filed.

Plaintiff, however, noticed the cause, and it was brought to trial as if at issue. Although defendant's counsel knew of the imperfect condition of the record, which was apparent on the transcript, he took part in the trial. Since the defence intended to be presented by the second plea was properly presented and disposed of in the trial, I think the irregularity pointed out cannot now be availed of by the defendant for a reversal of the judgment.

The first question raised by defendant is presented by the assignment in error based on the refusals of the trial judge

to nonsuit plaintiff or to direct a verdict for defendant, which may be considered together.

The contract upon which the declaration was founded was one which fell within the provisions of section 10 of the "Act for the prevention of frauds and perjuries" (Revision), approved March 27th, 1874. *Gen. Stat., p.* 1604. By those provisions, such a contract, to be enforceable, must be in writing, signed by the owner of the real estate. It must give authority to the broker or real estate agent to sell, and fix the commissions on the dollar for the services in selling. As the liability is limited to an instrument in writing, the rule that evidence intended to vary or alter the writing relied upon for authority is inadmissible was applicable.

The ground on which the motions to nonsuit and direct a verdict were rested was that the written agreement, properly construed, limited the liability of defendant to pay commissions, to a sale procured by the broker or real estate agent for cash only. The trial judge charged the jury that such was the true construction of the contract. He left it to the jury whether the provisions for a sale for cash had not been waived by the seller by his acceptance of a purchaser who paid in part in cash and in part by a conveyance to the seller of other real estate, accepted by the seller as equivalent, to make up $30,000 of the sale price of $70,000.

The contract of a real estate agent is a contract with the owner to procure a purchaser for the property upon the terms fixed by the owner. If he procures a satisfactory purchaser upon such terms, he earns his commissions. *Shepherd* v. *Hedden, 5 Dutcher* 334; *Vreeland* v. *Vetterlein, 4 Vroom* 247; *Runyon* v. *Wilkinson, 28 Id.* 420.

When the consideration is fixed by the owner in the authority given to the agent, at a certain price in dollars, the owner may reject a purchaser procured by the agent who offers to pay the price, not in dollars, but in other property. But if the owner, having the option to reject such an offer, accepts it and takes other property as equivalent for so much of the selling price fixed by his authority, I have no doubt that the agent becomes thereby entitled to his commissions.

The contract besides contains a provision that the agent would be entitled to a commission on a selling price agreed upon between the seller and a purchaser procured by the agent.

This view, however, does not disclose error in the rulings complained of, for, while the trial judge left to the jury the question whether the seller had not waived the provision which required the agent to produce a purchaser for cash, this ruling substantially submitted the question whether the seller had not, under his option, accepted the purchaser upon an offer to pay the stipulated price, not in cash, but in what the seller accepted as cash.

There was no error in the refusal to nonsuit or direct a verdict.

In the course of the trial, defendant contended that when the agent brought to his notice the offer of the intending purchaser to pay the stipulated price of $70,000, not all in cash, but in part by a conveyance of other lands to be taken at the value of $30,000, defendant's acceptance of the offer was upon the condition, agreed to by the agent, that the agent should not be entitled to or receive any commissions on the price of the lands taken in exchange until he had effected a sale of said lands or procured a purchaser therefor satisfactory to defendant.

This defence, it will be observed, is precisely that set up by the defendant's second plea. It was treated as, and was, a defence available to defendant under the general issue, for, if defendant, having a right to reject the offer of the procured purchaser on the proposed terms, accepted it on those terms, on the condition that no commissions should be paid under the contract, upon the price at which the exchanged lands were taken, and that condition was agreed to by the agent, then either a new and substituted contract arose, which would be a defence to the action on the original contract, or at least there was a substitution of terms in the original contract which would be a defence to the action for commissions in excess of the amount at two per cent. upon $40,000 of the consideration. As the bill of particulars gave credit for

$1,000 paid by defendant, the defence thus set up, in either view, if made out by the evidence, entitled defendant to a verdict.

But the fact that such provision was proposed or assented to by the agent was contested. The evidence was conflicting, and the fact was carefully and properly submitted to the jury by the trial judge. The verdict indicates that the defence was not made out. That conclusion is not reviewable, and in the view I have taken, the result deprives defendant of any right to complain of any irregularity in respect to the plea which was not put at issue.

The authority conferred upon the agent by the contract was limited to the period of ten days from its date, which was August 25th, 1900. In making out the case for the plaintiff there was proved and received in evidence an agreement in writing, made between defendant and one Bechtel, the purchaser procured by the agent for the sale and purchase of the lands which the agent was authorized to sell. This was dated on the 28th of August and was therefore within the ten days limited. There was also put in evidence the record of a deed for said lands, made by the defendant to Bechtel, which was not dated until the 15th of the following September.

Upon exceptions duly taken, it is now contended that the agent was not shown to have become entitled to his commissions under the contract, because the sale was not effected within the ten days limited. But this is a misconception. The agent becomes entitled to commissions when he procures a purchaser able and willing to buy on terms satisfactory to the owner. He earns his pay when the owner accepts and contracts with the purchaser procured by him.

Another objection is also disposed of by this view of the liability of a seller to his agent upon such a contract. It was contended that the judge erred in submitting to the jury the question whether the deed, put in evidence, conveyed the lands in question, there being no evidence *aliunde* of the identity of the lands conveyed, with the hotel mentioned in the contract. But as defendant's liability arose at the time

of the written contract of sale, the deed need not have been put in evidence at all, and the error, if it was such, was not injurious. Moreover, upon the face of the deed there are discoverable marks of identification to aid the jury if it had been necessary to show that the contract of sale had been completed by an actual conveyance.

It was contended below that plaintiff was not entitled to recover upon the contract with the S. E. Crowley Company, assigned to plaintiff. The contention has not been argued here. It is manifestly unavailable to defendant. It is unnecessary to consider whether, under the provisions of the act of 1890 (*Gen. Stat., p.* 2591, *pl.* 340), an assignment by an agent employed to sell lands, to another person, before a purchaser has been procured, would entitle the assignee who should thereafter procure the purchaser, to demand commissions from the seller. But that is not the case here presented. The contract was with one Crowley, who did business under a firm name. The evidence justifies the conclusion that he procured the purchaser and thereby became entitled to the commissions. Then his right to the commissions became a chose in action, arising on contract, and fell within the terms of the act above cited. The assignment proved was dated on the same day with the contract, but the evidence was that it was not made until after the right to commissions had accrued.

No error having been disclosed, the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURH, VOORHEES, VROOM. 12.

*For reversal*—None.