THOMAS A. RYER, PLAINTIFF, APPELLEE, v. HAMILTON W. WINTER, DEFENDANT, APPELLANT.

Submitted December 5, 1908—Decided February 23, 1909.

The provisions of the statute of frauds, which requires the authority for selling or exchanging land as a basis for a broker's commission to be in writing, signed by the owner or his authorized agent, is not complied with where the person who signs is neither owner nor authorized agent.

On appeal from the District Court.

Before Justices REED, BERGEN and MINTURN.

For the appellant, *Isaac F. Goldenhorn.*

For the appellee, *Herrmann & Steelman.*

The opinion of the court was delivered by

MINTURN, J.    The state of the case settled by the court shows that an undated written agreement was signed by the defendant as owner authorizing the plaintiff to sell or exchange certain premises in Jersey City and agreeing to pay to plaintiff for his services a commission of two and a half per cent. upon the gross amount of the sale.    A sale was made by plaintiff in pursuance of this agreement; and it then appeared that the defendant was not the owner of the property in question at the time of the execution of the contract; but that R. J. Wortendyke, who had not signed the contract, and who had not authorized the appellant to sign it for him, was the owner. It also appeared that the property prior to the sale made by the plaintiff, had been sold by one Grant, another agent, to a different purchaser, and that defendant paid the commission due upon that sale to the agent Grant.

If the defendant had been the owner of the premises when he signed this contract, no question as matter of law could arise under the proof in this case that the judgment obtained by the plaintiff was based upon correct principles.    *Dickinson* v. *Updike (Ch. Ct.)*, 49 *Atl. Rep.* 712; *Crowley Co.* v. *Myers*, 40 *Vroom* 245.

But we are unable to perceive how the requirement of the statute of frauds (*Gen. Stat., p.* 1604, § 10) is satisfied by the admitted *status* of the defendant in this case.    That act requires, as *sine qua non* to recovery, that the agreement between the broker and the seller shall be "signed by the owner or his authorized agent."

It is conceded by the state of the case that the owner did not sign the agreement, and that the defendant "was not authorized by the owner to sell" the premises.

This provision of the statute of frauds enunciates a rule of public policy which is mandatory in form and character, and which in our judgment precludes a recovery in this case.

The validity of the plaintiff's claim for commissions as a broker under the express prohibition of the statute is the only question before us for determination, and no opinion is ex

pressed as to his right to recover upon a *quantum meruit* or in action in the nature of deceit.

The judgment will be reversed.