MYRON W. MORSE v. GRACE G. CONLEY.

*Submitted July 5, 1912—Decided November 18, 1912.*

Where the contract between the purchaser and seller of real estate contained a provision fixing the compensation of the agent who procured the purchaser, and also fixing the period of payment of · such compensation as the time "of the consummation" of the sale—*Held*, in an action by the agent to recover his commissions that the consummation of the sale contemplated by the parties was the passing of the title, and that the agent's compensation under the contract was contingent upon that.

On appeal from the Newark District Court.

Before Justices TRENCHARD, PARKER and MINTURN.

For the plaintiff, *Jay Ten Eyck.*

For the defendant, *Gifford & Miller.*

The opinion of the court was delivered by

MINTURN, J. On April 14th, 1904, the plaintiff, a real estate agent, in Newark, and defendant entered into a written contract for the sale of certain real estate, the property of defendant, in that city, at the figure of $30,000. On July 13th, 1911, in pursuance of the plaintiff's negotiations, the defendant entered into a written contract of sale of the premises with one Victor F. Struck for $20,000, on account of which price Struck paid $500 to defendant, the remainder of the

purchase price to be paid on the day of passing title, by another cash installment and the execution and delivery of a bond and mortgage for the balance. The agreement contained in its final paragraph this provision relative to the plaintiff's services, "and Mrs. E. V. Conley agrees to pay to Myron W. Morse a commission of two and a half per cent. for services in the matter of the consummation of the sale at the time of the consummation of the same."

The proposed purchaser, Struck, was unable, by reason of financial inability, to conclude the sale and consummate the transaction, in accordance with his contract, and the defendant still remains the owner of the property. The plaintiff brought this suit to recover his commissions, upon the theory .that he had performed his part of the contract, and that the defendant had not shown that she had performed her part by attempting to compel Struck to perform his. The trial court gave judgment for defendant. It is clear that the second contract was intended to take the place of the first between these parties, as a practical concrete business proposition, defining their respective rights in view of the fact that after an interim of seven years between the execution of the two documents a new condition had arisen which brought forth a bidder for the property, and the reduction of the consideration of sale from $30,000 to $20,000, and the fixing of the plaintiff's compensation at the old rate, but upon new conditions. The trial court properly viewed the contract as a substitute for the earlier agreement. *Crowley Co. v. Myers, 40 Vroom 245.*

The question as to the plaintiff's right to maintain a claim for commissions under a contract to which he was not a party was determined by this court in the affirmation in *Tapscott v. McVey, 53 Vroom 35.*

The principle is familiar that the plaintiff becomes entitled to his commissions upon procuring a person able and willing to purchase. *Ryer v. Turkel, 46 Vroom 677.*

In the case at bar, the person procured as a purchaser was apparently willing, but, under the testimony, unable to purchase, so that one of the essentials to compliance with the terms of the contract under the legal rule imposing liability

upon the owner was here manifestly lacking. In addition to that barrier to recovery the plaintiff who drew the contract in question limited his right to the payment of commissions to the period "of the consummation of the sale at the time of the consummation of the same." The contract in question was entered into by the proposed buyer and seller, and the plaintiff was not a party to it. In construing its language, therefore, we have to apply to it a meaning such as the parties to the contract intended giving to it, and for that purpose we find it unnecessary to invoke testimony or evidence *aliunde* the writing. Their meaning of the period of consummation is specified and defined in the contract itself, and we are not left to conjecture regarding it. Manifestly, as to them, the only parties to the contract, its consummation was fixed as the time when the balance of the purchase-money would be paid, a bond and mortgage delivered, and a deed of conveyance executed and delivered to the purchaser. After stating this consummation of the contract the provision regarding plaintiff's compensation concludes the agreement, and must be read and construed in the light of the entire document, and the transaction in contemplation between the parties, which was the passing of the title. The plaintiff having thus fixed the period of payment is bound by his agreement.

The case of *Hinds* v. *Henry*, 7 *Vroom* 328, settled the rule in this state, and upon that adjudication has afforded the *ratio decidendi* of all subsequent adjudications in this state dealing with the subject, that a broker may, by special agreement with his principal, so contract as to make his compensation dependent on a contingency which his efforts cannot control, even though it relates to the acts of his principal. *Dresser* v. *Gilbert*, 52 *Id.* 358; *Rauchwanger* v. *Katzen*, 53 *Id.* 339.

The judgment will be affirmed.