## Bedilion *v.* Muehler Brothers, Appellants.

*Contracts—Agency—Commissions—Deductions.*

A contract for the sale of automobiles by an agent, providing that if any machine is sold at a concession or any equipment given therewith, that such expenditure shall be charged against the commissions due the agent, does not authorize the principal to charge against the agent's commission, deductions which are voluntarily allowed a purchaser by the principal, and which are not agreed to by the agent.

Argued October 28, 1919.  Appeal, No. 42, April T., 1920, by defendants, from judgment of C. P. Allegheny County, Oct. T., 1918, No. 568, on verdict for plaintiff in the case of T. P. Bedilion v. William F. Muehler and Robert G. Muehler, partners, trading as Muehler Brothers.  Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Assumpsit for agent's commissions.  Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $516.75 and judgment thereon.  Defendants appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Joseph Stadtfeld,* for appellant.

*Sidney J. Watts,* for appellee.

OPINION BY TREXLER, J., July 14, 1920:

This is a suit to recover commissions claimed to be due on a saleman's contract for the sale of motor vehicles.

The written contract between the parties contains the following clause, "If for any reason the vehicle is sold at a concession, or any equipment given with same, or other miscellaneous expenses incurred, these expenditures will be charged against the commission due to the party of the second part." The plaintiff opened negotiations with the American Bridge Company for the sale of a truck for the sum of fifty-two hundred dollars. The verdict of the jury fixes the fact that he brought the parties together and was the sole efficient cause of the sale. The transaction was concluded by the defendants who dealt directly with the bridge company. They reduced the price ten per cent to wit: Five hundred and twenty dollars and now claim that that reduction should be charged against the plaintiff's commission. Plaintiff asserts that he never assented to this reduction and this matter was referred to the jury who found in his favor.

The written contract had but one object, and that was the sale of motor vehicles through the plaintiff. It had no relation to sales other than those made by him. The section above set forth upon which the defendants base their defense refers to deduction of prices, expenditures and concessions in such cases where the agent in making the sale offered inducements to the purchaser, and the evident purpose was that any departure from the price by the agent had to be borne by him. If the agent sought the bridge company and secured the customer, the defendants were required in good faith to sell to the purchaser on the same terms as the agent had been authorized to sell or if it changed these the agent was not affected by such act. It was said in Keys v. Johnson, 68 Pa. 42, "If vendors were permitted to employ brokers to look up purchasers, and call the attention of buyers to the property which they desired to sell, limiting them as to the terms of sale, and then while such purchasers were negotiating, take the matter into their own hands, avail themselves of the labor, services and expenses of the broker in bringing the property into market, and accom-

plish a sale by an abatement in the price, and yet refuse to pay the broker anything, the business of a broker would not be worth pursuing, gross injustice would be done, every unfair and illiberal vendor would limit his property at a price slightly above the market, and make use of the broker to bring it into notice, and then make his own terms with the buyers who were in reality procured by the efforts of the agent."

We think the case was properly submitted and that the judgment should not be disturbed.

Judgment affirmed.