## Newhall, Appellant, *v.* Victor Box Mfg. Co.

*Principal and agent—Agent for sales—Commissions—Contract.*

1. Where a contract of employment of a sales agent contemplates actual sales in a commercial sense, and not mere contracts to sell, the agent is entitled to receive commissions only on moneys actually received by his principal as a result of sales made by the agent.

2. If, in such case, the agent avers in his statement of claim that certain sales had been cancelled, or were about to be cancelled, in fraud of his rights, he must set out the particulars of such wrongdoing, and also facts as to the orders, the cancellation of which is averred to be threatened, or a legal excuse for failure to furnish such information.

Argued February 8, 1921. Appeal, No. 183, Jan. T., 1921, by plaintiff, from judgment of C. P. Bucks Co., April T., 1919, No. 32, for defendant on statutory demurrer, in case of David Newhall v. Victor Box Mfg. Co. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for commissions on sales of goods.

Rule for judgment for want of a sufficient affidavit of defense. Before RYAN, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for defendant. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*Robert T. McCracken,* with him *Isaac J. Vanartsdalen* and *Roberts, Montgomery & McKeehan,* for appellant.— The principal cannot deprive the agent of commissions

on sales made by him, by a voluntary cancellation of the orders without consulting him: Clark v. Battaglia, 47 Pa. Superior Ct. 290; Seabury v. Fidelity Ins. T. & S. Dep. Co., 205 Pa. 234; Bedilion v. Muehler, 74 Pa. Superior Ct. 516; Aikens v. Thackara Mfg. Co., 15 Pa. Superior Ct. 250; Lindsay v. Steel Co., 195 Pa. 120.

*M. B. Saul,* of *Prichard, Saul, Bayard & Evans,* with him *Thomas Ross* and *Joseph Neff Ewing,* for appellee. —Assuming plaintiff's commission to be payable upon gross sales, it is disclosed in the statement of claim that the transactions therein set forth were not sales but merely unfilled orders: Creveling v. Wood, 95 Pa. 152.

OPINION BY MR. JUSTICE SADLER, February 28, 1921:

David Newhall was vice-president of the Victor Box Manufacturing Company, and on February 1, 1916, entered into a contract to act as its general sales agent for certain of its products. An agreement was executed by which the plaintiff was to receive "three per cent of the gross receipts of the company from all goods sold by it." Under this contract, certain orders were furnished to the company and, when the goods were accepted and settled for by the vendees, the commission was paid. The plaintiff demanded compensation based on the amount of "gross sales," as shown by orders secured, and brought suit for the balance which he claimed to be due. By an amendment filed, he set forth that certain of the orders obtained had been, or were about to be, cancelled, a liquidation of the company being in contemplation. No details as to the sales referred to, or the amount thereof, were set forth, though Newhall was an officer of the corporation, and presumably had full knowledge of its business affairs.

The affidavit of defense denied liability, on the ground that the commissions were payable on the basis of receipts from orders transmitted; and, further, that the claim, in so far as founded on contracts with the United

States government, was unenforceable as opposed to public policy. The court sustained the statutory demurrer, and entered judgment for the defendant, it being apparent that the plaintiff had received the full amount of the commissions due to him on sales consummated by payments.

A careful examination of the contract of employment leads to the conclusion that it was properly construed by the court below, and that the claim of the agent was limited to commissions based on moneys actually received by the company as a result of sales made by him, or by others, of the class of products in contemplation at the time the agreement was made. The writing is explicit as to this, and though subsequent phrases, standing alone, might lead to a different interpretation, yet, taken in connection with the positive declaration in paragraph 3, and to which the subsequent statements are referred, the intention of the parties is clear. This is not the case of a broker who performs his full service by securing a purchaser for property, and whose work is completed when the minds of buyer and seller have been brought together, but of an agent, whose rights, as well as duties, have been expressly defined. "The sales contemplated in [the] agreement were actual sales in a commercial sense, not mere contracts to sell": Creveling v. Wood & Leman, 95 Pa. 152, 157.

If it appeared that the company, in order to defraud the agent of commissions under such contract, improperly refused to fill bona fide orders which had been secured, or fraudulently caused their cancellation, such refusal or cancellation would not relieve it from liability: Aikens v. Thackara Mfg. Co., 15 Pa. Superior Ct. 250. The principal cannot by his improper conduct deprive the agent of the sum which has been earned in accordance with the terms of his contract (Bedilion v. Muehler Bros., 74 Pa. Superior Ct. 516; Lindsay v. Carbon Steel Co., 195 Pa. 120); but there is no sufficient averment in the plaintiff's statement of such

wrongdoing on the part of the company. Nor are any facts set forth as to the orders, the cancellation of which is said to be threatened, or legal excuse given for the failure to furnish such information; and the statement therefore must be deemed insufficient.

The conclusion reached makes unnecessary discussion of the other questions raised. The assignments of error are overruled, and the judgment is affirmed.