## Wernick, Appellant, *v.* Bowes.

*Contracts—Sales—Broker's commissions.*

In an action of assumpsit for commissions earned as a broker, for services rendered to the defendant in procuring certain orders for yarns, the case is for the jury and a verdict for the defendant will be sustained where the defense is that the commissions were payable after the yarns had been delivered and settlement made therefor.

A point submitted by the plaintiff that "As soon as an order is accepted by the buyer the commission of the broker, who has brought the parties together is due," is properly affirmed with the qualification of the words "In the absence of an express agreement to the contrary," where there is sufficient evidence to submit such a question to the jury.

Argued October 8, 1920. Appeal, No. 154, Oct. T., 1920, by plaintiff, from the judgment of the Municipal Court of Philadelphia, August T., 1919, No. 307, on verdict for defendant, in the case of Harry C. Wernick v. John S. Bowes. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

234, (1921).] Statement of Facts—Opinion of the Court.

Assumpsit to recover commissions due for sale of merchandise.  Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the defendant and judgment was entered thereon.  Plaintiff appealed.

*Errors assigned,* among others, were the refusal to direct a verdict in favor of the plaintiff and refusal of plaintiff's points, as quoted in the opinion of the Superior Court.

*Abraham Wernick,* of *Evans, Forster & Wernick,* for appellant.

*Francis J. Walsh,* for appellee.

OPINION BY PORTER, J., March 5, 1921:

The plaintiff seeks to recover in this action a balance alleged to be due him for commissions, as a broker, for services rendered to the defendant in procuring an order for a large quantity of yarn from the Frankford Worsted Mills.  The trial in the court below resulted in a verdict in favor of the defendant and the plaintiff appeals.

The contract for the payment of commissions was in parol and the testimony of the parties as to its terms was flatly contradictory.  The plaintiff testified that the defendant agreed, without qualification, to pay the two per cent upon the acceptance of the order.  The defendant testified that when the order was presented it provided that the price of the yarn should be $2.15 per pound, less 2% cash in ten days; that he then said to plaintiff "We can't pass the Frankford Worsted Mills," that plaintiff said "Why not?" to which defendant answered "They are very tricky; I am afraid of their credit."  He testified that he told the plaintiff he would take the order on the basis of two and a half per cent

cash at the time the goods were delivered; that plaintiff said he would go and see the proposed purchaser, from whom he had obtained the order, that he went away and upon his return it was arranged that the goods should be paid for within three days after shipment and that when the order was accepted he distinctly stated to the plaintiff that his commission was to be payable when the yarn was delivered and paid for, and that plaintiff agreed to this condition. The testimony of the defendant was corroborated by that of another witness.

The only assignments of error which are founded on exceptions taken at the trial go to the refusal of the court to affirm the fourth point submitted by the plaintiff and the qualification of his first point. The first point requested the court to charge that, "As soon as an order is accepted by the buyer the commission of the broker, who has brought the parties together is due." The court affirmed this point, saying to the jury that it was a correct statement of the law, "in the absence of an express agreement to the contrary." The court in its general charge instructed the jury to the same effect, and told them, in substance, that it was their duty to find a verdict for the plaintiff, unless the defendant had satisfied them by the weight of the evidence that there was an express agreement that the commission should not become due and payable until the goods were delivered and paid for. If the testimony of the defendant was true he had in the negotiation given the plaintiff warning that he regarded the proposed purchaser as very tricky, that he was afraid of their credit, and, in the same conversation, it was distinctly agreed, between the plaintiff and the defendant, that the commission of the plaintiff was to be payable when the yarn was delivered and paid for. It was entirely competent for the parties to covenant that the right of the plaintiff to commissions should be dependent upon the purchaser's taking and paying for the goods: Lindsay v. Carbon Steel Co., 195 Pa. 120; Hillman & Co. v. Joseph & Bros., 9 Pa. Superior Ct. 1;

Aikins v. Thackara Mfg. Co., 15 Pa. Superior Ct. 250. There was in this case no evidence that the defendant had refused to deliver the goods. It was upon all hands admitted that the Frankford Worsted Mills, the proposed purchaser, had cancelled the contract and stopped payment of the check which they had sent in payment of the first shipment. They did subsequently pay for that first shipment and upon the amount of that payment the commissions of the plaintiff have been paid. It was said that the purchaser had alleged that the goods were unsatisfactory, but that was a mere self-serving declaration. There was no competent evidence that the goods shipped were not such as called for by the sample. There was no evidence from which a jury should have been permitted to infer that the failure of the proposed purchaser to take the goods and pay for them was due to any fault of this defendant. The court below did not err in qualifying plaintiff's first point. The case was for the jury, and plaintiff's fourth point was properly refused.

The judgment is affirmed.