Murray ESKIN, Appellant,

v.

ACHESON MANUFACTURING COM-
PANY, a Pennsylvania Cor-
poration.

No. 11853.

United States Court of Appeals
Third Circuit.

Argued May 8, 1956.

Decided July 26, 1956.

John A. Metz, Pittsburgh, Pa. (Metz, McClure, Hanna & MacAlister, Pittsburgh, Pa., on the brief), for appellant.

James G. Legnard, Pittsburgh, Pa. (Joseph M. Kennedy, Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is an action in contract for commissions allegedly earned. For several years, until October 9, 1945, plaintiff, a citizen of New Jersey, served, by oral agreement with defendant, a Pennsylvania corporation, as manufacturer's representative having the State of New Jersey as his exclusive territory. Defendant manufactured and sold brass goods. It was mutually agreed that plaintiff was to be paid a commission of 5% on all goods shipped in his territory. Such commissions were payable on the 10th of the month following the month in which shipment was made.

As authorized by defendant, plaintiff solicited orders on the basis of defendant's current price list. At all times during the plaintiff's employment and thereafter, until February 21, 1946, defendant's policy and practice had been to fill all orders on the basis of its price list at the time the order was received. On or about February 21, 1946, defendant changed its sales policy and accepted orders only on the basis of its prices as they should be listed on the date of shipment.

During 1945, prior to this change in pricing policy, plaintiff had solicited and forwarded certain orders to defendant in the amount of $117,295.86. Price controls were then in effect and brass was in short supply so that it was not possible to fill orders for many months after they were received. Prices, being controlled, remained rather stable.

On April 2, 1946, defendant gave the following notice to all of its customers, including those whose unfilled orders had been procured many months earlier by plaintiff:

"To our Customers:

"Because of increased cost of labor, materials, and supplies, we are obliged to adopt the following policy.

"All open orders which you have placed with us will be billed at the price prevailing on the date of shipment, regardless of the date of the order.

"In order that there may be no misunderstanding, we hereby request that you write us a letter authorizing us to proceed with your unfilled orders on this basis.

"In the event that we do not hear from you within a reasonable time, we will consider that you do not wish us to proceed and will therefore consider your orders as cancelled."

Customers solicited by plaintiff, whose orders in the amount of $117,295.86 defendant was holding for future action, were unwilling to buy on the new price basis and their orders have been cancelled for that reason. The district court found that defendant wrote the letter of April 2, 1946, in good faith because of changing economic conditions of the copper and brass industry, and not with any motive of depriving plaintiff of commissions. Price controls had been removed after the orders were received but before the letter was sent.

The trial court concluded that, in the circumstances outlined above, plaintiff was entitled to commissions only on goods actually shipped and not on the unfilled orders. From this judgment plaintiff has appealed.

This is a diversity suit filed in the District Court for the Western District of Pennsylvania. Therefore, Pennsylvania conflict of laws rules are applicable. But beyond this, the parties and the district court have assumed that the substantive law of contracts of Pennsylvania

is controlling. However, the record is not informative as to the contacts, whether with Pennsylvania or New Jersey involved in the making and performance of bargains in this case. Therefore, we cannot be sure whether Pennsylvania choice of law rules would direct us to Pennsylvania or New Jersey contract law. However, that deficiency is not fatal to the adjudication of this appeal on its merits, because we find nothing in the law of contracts of either state inconsistent with what we view as the correct legal analysis of this problem.

Here a manufacturer's agent procured purchase orders which in all their terms, including the price offered, were satisfactory to the manufacturer when and as it received them from the agent. In our view, the arrangement between these parties was such that as each satisfactory order was received a unilateral contract was formed between the principal and the agent. The agent had completed the act which was his part of the bargain. The manufacturer then became bound by a conditional promise to pay the agent a 5% commission if and when that order should be filled. This does not mean that any buyer's offer had ripened or would necessarily ripen into a contract of sale. The prospective seller had merely bound himself by a conditional promise to his agent.

There are both Pennsylvania and New Jersey cases which state the general rule that such bargains are enforcible as made; the condition must be fulfilled precisely as stipulated before the promise can be enforced. Creveling v. Wood & Leman, 1880, 95 Pa. 152; Newhall v. Victor Box Mfg. Co., 1921, 269 Pa. 545, 113 A. 59; Hinds v. Henry, 1873, 36 N.J.L. 328; Morse v. Conley, 1912, 83 N.J.L. 416, 85 A. 196; Lippincott v. Content, 1939, 123 N.J.L. 277, 8 A.2d 362; cf. Restatement, Agency, 1933, § 445. Yet, both states recognize the duty of the maker of the conditional promise not to prevent the fulfillment of the condition by unwarranted conduct. Such a breach of the promisor's implied obligation of reasonable cooperation in connection with the condition will entitle the promisee to the promised performance, despite the unfulfilled condition. Lindsay v. Carbon Steel Co., 1900, 195 Pa. 120, 45 A. 683. Aikins v. Thackara Mfg. Co., 1900, 15 Pa.Super. 250; Shinn v. Haines, 1848, 21 N.J.L. 340; Feist & Feist, Inc., v. Spitzer, 1930, 107 N.J.L. 138, 150 A. 406. Cf. Restatement, Agency, 1933, § 445, comment e. But there is no rule of thumb to indicate what frustrating conduct is "unwarranted", or "unreasonable" or "arbitrary" within this conception. Although we have found no Pennsylvania or New Jersey case which says so, we think the touchstone is to be found in the reasonable expectations of the makers of such a bargain in all the circumstances of the given case. See Patterson, Constructive Conditions in Contracts, 1942, 42 Col.L.Rev. 903, 928–942.

Here we have parties doing business in an abnormal economy. Shortages of materials and resultant long delays in filling orders were the familiar experience of the industry. Prices were controlled, but controls were recognized as temporary. Any member of the business community must have recognized the likelihood that removal of controls in the not distant future would cause rather extreme price fluctuations.

In these circumstances, plaintiff solicited orders understanding that his right to a commission was conditioned upon the filling of the orders at a considerably later date in the uncertainties of an abnormal economy. It may well be that the parties reasonably anticipated that for the duration of stability imposed by the controlled price structure, the manufacturer would not subject orders to price increases after they were received. But it seems to us that reasonable persons contemplating the possibility of decontrol would not expect the manufacturer thereafter to produce and sell goods at the old controlled prices to meet accumulated orders received under basic conditions no longer existing. Indeed, the uncertainties of the abnormal economy and their impact on reasonable business behavior must be viewed as basic qualifying cir-

cumstances in this entire procedure of taking orders for filling in the indefinite future. It was not an unreasonable frustration of the agent's expectations for the manufacturer to subject outstanding orders to price increases which fairly reflected the influence of a basic change in our economy on production costs. This in substance is what the district court found.

It follows that plaintiff failed to show such conduct by defendant as would enable him to disregard the limiting condition, that the orders first be filled, in his attempt to assert a contract right to commissions. Cf. Clark v. Provident Trust Co., 1938, 329 Pa. 421, 198 A. 36.

The judgment will be affirmed.