Levan, Appellant, *v.* Royal Paper Products, Inc.

Argued September 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William L. McLaughlin,* for appellant.

*Richard Reifsnyder,* with him *MacElree, Platt, Marrone & Harvey,* for appellee.

OPINION BY WATKINS, J., November 15, 1962:

This is an appeal from the judgment of the Court of Common Pleas of Chester County, in an assumpsit action on an oral contract of employment, entered upon a jury verdict in favor of the defendant-appellee, Royal Paper Products, Inc., and against Jacques Levan, the plaintiff-appellant; and from the denial of motions for a new trial and for judgment n.o.v.

This action grew out of an oral employment contract made in January, 1957 and evidenced by conversations between Kurt Strauss, the president of the appellee company and the appellant. According to the record, the conversation was to the effect that the company intended to split a certain sales territory and was looking for two salesmen. He was given the choice of the split territory. He was told that if he accepted the position he would be paid a salary of $100 a week, a travel or auto allowance of $25 per week, plus a commission payable on the 10th of each month, following payment of invoices by customers. He was also told "whatever business is now on the books so far as contracts is concerned that will be, of course, future shipments after you start with us, that is to your credit." There is evidence that the appellant did receive commissions on company receipts from sales made by his predecessor. This evidence was relevant and properly admitted.

The appellant began working February 10, 1957, and continued his employment until July 8, 1960. He has been paid all of his salary and expenses to the date of the severance of his employment. It was stipulated by counsel that under the said oral employment contract, commissions became due and payable to the appellant only upon payment by the customers to the appellee for the merchandise sold. The rate of commission was on a graduated scale depending on monthly volume. Commissions were payable on the tenth of the month calculated on payments received in the preceding month. His claim, therefore, is for commissions alleged to be due him, under the oral agreement, for orders received and sales made by him but not paid to the company until after he left his employment.

By agreement of counsel the trial judge requested the jury to make a special finding rather than a general verdict. The question submitted was as follows:

"Was, under said oral agreement, plaintiff entitled to payment of commissions on sales made by him where defendant was not paid on such sales by customers until after plaintiff left defendant's employment on July 8, 1960?" The jury answered this question "No".

It is the contention of the appellant that under the agreement he was entitled to commissions on sales made and orders taken during his employment, even though they were not paid for until after the termination of his employment and that there is nothing in the evidence from which it could be inferred that he was not so entitled.

In *Newhall v. Victor Box Mfg. Co.*, 269 Pa. 545, 113 A. 59 (1921), the plaintiff, who was the defendant's general sales agent, had an agreement whereby he was to receive "three per cent of the gross receipts of the company from all goods sold by it." The plaintiff demanded compensation based on the amount of "gross sales", as was shown by the order secured, rather than the orders paid for by the customers. The court below entered judgment for the defendant on the ground that it was apparent that the plaintiff had received his full amount of commissions due on sales consummated by payment. The Supreme Court sustained the court below stating, at page 547: "A careful examination of the contract of employment leads to the conclusion that it was properly construed by the court below, and that the claim of the agent was limited to commissions based on moneys actually received by the company as a result of sales made by him, or by others, of the class of products in contemplation at the time the agreement was made. . . . This is not the case of a broker who performs his full service by securing a purchaser for property, and whose work is completed when the minds of buyer and seller have been brought together, but of an agent, whose rights, as well as duties, have been expressly defined. 'The sales contemplated in (the)

agreement were actual sales in a commercial sense, not mere contracts to sell': Creveling v. Wood & Leman, 85 Pa. 152, 157."

"The question of the right of a person employed under a contract providing for commissions based upon amounts collected, to commissions on collections made after termination of the employment or discharge for cause, where the collections arise out of business secured during the term, is almost entirely dependent upon the wording of the particular contract involved and the construction to be given thereto." 65 A.L.R. 993. The court below, with the consent of counsel, submitted to the jury the determination of the question as to what could be inferred from the language of the oral employment contract as to payment of commissions after the termination of employment.

Section 445 of the Restatement (2d), Agency, provides: "Except where there is revocation in bad faith, an agent whose compensation is conditional upon the performance by him of specified services, or his accomplishment of a specified result, is not entitled to the agreed compensation unless he renders the specified services or achieves the result." In Comment (a) of the same section it is said: "If the result is accomplished, but not until after the termination of the agent's employment, he can not recover the agreed compensation, unless the termination is by act of the principal in bad faith . . .". There is no evidence in this record of bad faith.

We agree with the court below that: "The parties obviously intended the contract of employment to be entire and not divisible. Defendant's agreement to pay commissions was simply one part thereof, just as salary and travel allowances were other parts thereof. The term of the contract was apparently at will. The termination thereof was apparently by mutual agreement, there being no allegation or proof that plaintiff was

improperly discharged in breach of the contract. There is no evidence of how often or at what intervals the salary and travel or auto expense was to be paid, but it is admitted that the commissions became due and payable once a month on the 10th thereof and only after payments by the customers to defendant. . . .

"The effect of the termination of this contract upon the rights of plaintiff and the duties of defendant concerning commissions is not specifically the subject of Pennsylvania Appellate Court case law, at least insofar as our research discloses. Nor have the parties in their respective briefs cited any authorities here or elsewhere. However, in our opinion it must logically follow that plaintiff was not, as a matter of law, entitled to commissions after July 8, 1960, if the mere bringing together of defendant and respective customers was not the test of performance. Under the terms of the agreement commissions were not due and payable to plaintiff until payment had been made by the customers. Commissions thus were not earned by plaintiff and plaintiff's performance of the bargain was not completed until the condition was met. . . .

"It is, therefore, our opinion that considering the circumstances surrounding the making of this contract, as well as the terms thereof, there was clearly sufficient evidence to sustain the verdict. It appears now that a directed verdict should have been entered for defendant. In view of the foregoing, there is obviously no merit in plaintiff's argument on his motion for a new trial that the special finding of the jury was against the evidence, against the weight of the evidence, against the law or against the charge of the Court."

Judgment affirmed.

DISSENTING OPINION BY FLOOD, J.:

In this case the oral contract, as testified to by the defendant's witness, was that the plaintiff should receive a commission on all business coming from the prescribed territory, payable on the tenth of the month following the payment of the invoices by the customers. To me, this means only one thing, that the plaintiff was to receive commissions on all sales made in the territory during his employment, but that he was not entitled to have these commissions paid over to him by the defendant until the tenth day of the month following the receipt of payment from the customers. The only condition was that payment should be made by the customers, not that it should be made while he was still in the defendant's employ or at any particular time. This being so, the verdict to the contrary in favor of the defendant and against the plaintiff on this issue, should not be allowed to stand.

The jury's verdict might well have been founded upon the defendant's testimony that when the plaintiff first entered upon his employment with it, he was to receive, and presumably did receive, commissions on all sales in his territory from the date of his employment, even though they had been made by his predecessor, so long as the goods were shipped after the plaintiff entered upon the employment. Even if it might be permissible for the jury to draw from this an inference that plaintiff would not be paid commissions on goods shipped after the termination of his employment, this does not justify a verdict against the plaintiff as to all business for which payment was not made before he left, irrespective of the shipment date.

However, both the parties and the court submitted the case as though, in the words of the court's charge, Mr. Strauss, the defendant's president, when hiring the plaintiff told him that "what business is on the books from the past in this territory will be to your credit."

The court's charge indicated that the plaintiff was paid for all prior sales in his territory for which payment was not made until plaintiff entered defendant's employ.. This was not the testimony and it was misleading.

What Mr. Strauss really testified was "I told him that . . . whatever business is now on the books . . . that will be, of course, future shipments after you start with us that is to your credit." The court instructed the jury that Mr. Strauss testified "that Mr. Levan had been paid commissions on sales made earlier in this territory by salesmen who were no longer salesmen for the company." The court did not mention shipment date. As a matter of fact Mr. Strauss also testified: "That portion on which delivery was made was credited to Levan and commissions paid" and he later said that "Ritteman [plaintiff's predecessor] received his commission for every portion that was shipped until he left". This obviously means that the plaintiff's predecessor received commissions on sales on which payment was made after he left the defendant's employ provided delivery was made before he left. Therefore there was no basis in the evidence for the verdict actually rendered.

The authorities cited by the majority do not reach the point at issue. In *Newhall v. Victor Box Mfg. Co.,* 269 Pa. 545, 113 A. 59 (1921), the court held that no commissions were due upon sales made when no payment was ever made by the customers. There would be none due here in such case. Commissions are being sought here only as to goods upon which payment was made. Section 445 of the Restatement (2d), Agency, refers to payment conditional upon the performance by the agent of specified services, or the accomplishment of a specified result. Here the agent performed the services called for—he made the sales. He accomplished the only result the defendant was interested in—payment

was made by the customers. The plaintiff has fully performed. The condition of payment by the customer has been met. The fact that payment was made after termination of the employment conditions only the time when payment of commissions is due, not the obligation to pay them.

In my opinion judgment should be entered for the plaintiff for the amount of commissions on business coming in from his territory until his employment terminated, except for those sales on which payment was never made by the purchasers. At the least there should be a new trial at which the jury should be instructed to find for the plaintiff as to all goods shipped before he left, and the balance of the claim submitted to them with proper instructions.