524 P.2d 504

**THERMO–KINETIC CORPORATION,
an Arizona, corporation, Appellant,**

**v.**

**Teresa A. OLIVER, a married woman, Herbert J. Rubin, a married man, and Wilfred A. Nett, Appellees.**

**No. 2 CA–CIV 1582.**

Court of Appeals of Arizona,
Division 2.

July 16, 1974.

As Modified July 31, 1974.

Rehearing Denied Aug. 1, 1974.

Review Denied Sept. 24, 1974.

Jennings, Strouss & Salmon by John S. Hobbs and Stephen A. Myers, Phoenix, for appellant.

Russo, Cox, Dickerson & Cartin, P. C., by William F. McDonald, Jr., Tucson, for appellees.

OPINION

HATHAWAY, Chief Judge.

The plaintiffs-appellees filed this action alleging a breach of contract on the part of the defendant-appellant. After trial to the court, sitting without a jury, the court entered its findings of fact and conclusions of law, and granted judgment to the plaintiffs. A timely motion for new trial was filed by the defendant and denied. This appeal followed.

The defendant, an Arizona corporation, was engaged in the business of constructing and selling condominium-type apartment homes in Tucson, Arizona, in a housing development known as "The Meadows." Plaintiff Rubin was hired by the defendant in August of 1971 as a real estate sales manager to sell apartment homes. Plaintiff Oliver was hired as a real estate saleswoman for the same purpose on December 22, 1971, and plaintiff Nett was hired as a real estate salesman, again for the same purpose, in October or November, 1971.

Each of the plaintiffs executed an employment agreement with the defendant, all agreements being identical in form. The provisions of the employment agreement with which the trial dealt and which this court is asked to construe, are paragraphs 5(A) and 5(D):

"5. COMPENSATION:

(A) APARTMENT HOME SALES: The SALESMAN shall be paid for ev-

ery sale he consummates of an apartment home a standard commission of One Hundred fifty and no/100 Dollars ($150.00), which payment shall be made according to Paragraphs (B)(1) below.

\* \* \* \* \* \*

(D) COMMISSIONS DUE UPON TERMINATION OF EMPLOYMENT: In the event SALESMAN'S employment is terminated at the request of SALESMAN or by PRINCIPAL for good cause, SALESMAN agrees and acknowledges that PRINCIPAL shall retain one-half (½) of all unearned commissions which would be due to the SALESMAN on date of termination by PRINCIPAL with respect to sales which were procured by said SALESMAN prior to his termination of employment. Said amount shall be retained by PRINCIPAL to defray the costs involved in continuing to service such sales until their closings. For purposes of this Agreement, good cause shall be defined as the negligence or improper performance of duties by SALESMAN as determined by PRINCIPAL.

In the event the SALESMAN has received money greater than the commissions he has earned up to the date of termination, he shall repay the amount of money he has received in excess of his earned commissions to the PRINCIPAL."

Plaintiffs began working for the defendant pursuant to the agreements, Rubin until June of 1972; Mrs. Oliver until August of 1972; Mr. Nett until January of 1972. During these periods of employment, each plaintiff sold apartments pursuant to the employment agreement and received the compensation called for therein.

After each of the plaintiffs terminated their employment, the defendant, pursuant to paragraph 5(D) of the agreement, retained 50% of the unpaid commissions on apartments in which the original contracts were procured by the plaintiffs but which were not consummated at the time of the respective plaintiffs' departures. We are concerned on this appeal only with those retained commissions, the amount of which has been stipulated to.

Three questions are presented for consideration, but since the third question appears to be dispositive of the appeal, we will go directly to it. This question requires that we determine whether paragraph 5(D) of the employment agreement resulted in a forfeiture so as to render that paragraph void. The trial court determined that paragraph 5(D) "amounts to an unlawful forfeiture or penalty and is unenforceable." We disagree.

■ The general rule on such contractual provisions is stated in 53 Am.Jur.2d, Master and Servant, § 91:

"A stipulation by terms of the employment contract, or by means of a rule of the employer that an employee who terminates his service without giving notice of his intention to quit for a specified period previous thereto incurs a forfeiture of wages is, absent a prohibitory statute, valid and enforceable." (Footnotes omitted)

As is provded in the subject provision, the purpose of retention by the principal of unearned commissions was, ". . . to defray the costs involved in continuing to service such sales until their closings. . . ." The record discloses that the principal was not unjustly enriched by the retention of the unearned commissions, but that the funds were used for the purpose indicated and that the personnel who serviced the sales after the plaintiffs' departures received the funds. Additionally, plaintiff Rubin, as sales manager, received commissions which had been retained on sales made by other salesmen who left the defendant's employ while Mr. Rubin was sales manager.

The plaintiffs all agree that a real estate salesperson's duties continue after a contract is signed until the transaction is closed.

Section 445 of the Restatement of the Law of Agency, 2nd, provides:

"Except where there is revocation in bad faith, an agent whose compensation is

conditional upon the performance by him of specified services, or his accomplishment of a specified result, is not entitled to the agreed compensation unless he renders the specified services or achieves the result."

See also Levan v. Royal Paper Products, Inc., 199 Pa.Super. 505, 185 A.2d 801 (1962).

The plaintiffs contend their services were fully performed and they were therefore entitled to the full commission, directing our attention to the following proviso in the agreement:

"SERVICES: The salesman is employed to solicit and procure buyers for such apartment homes constructed by the PRINCIPAL, as shall from time to time be designated by the PRINCIPAL.

SALESMAN shall devote his entire time and attention and his best energies and abilities to the performance of such duties as are provided for herein and as may be otherwise assigned to him by PRINCIPAL."

■ Having thus performed, plaintiffs contend they have earned their commission. We must, however, consider the four corners of the contract. In doing so, it is apparent that the scheme of commission payments was based upon the achievement of specific goals toward closing and contemplated the performance of additional duties by the salesmen to close the transaction. If other persons were required to perform duties necessary to conclude the transactions, provision was made for their payment. We do not believe the unearned commission provision of the agreement amounts to a forfeiture as in the cases cited by plaintiffs which we find inapposite.

The parties stipulated:

"That in the event of a judgment in favor of the defendant and against the plaintiffs, plaintiff, Teresa Curtis Oliver, should be awarded a sum of $608.75; plaintiff, Herbert J. Rubin, should be awarded a judgment in the sum of $166.-97; and plaintiff, Wilfred A. Nett, a judgment of $0.00."

It is ordered that the judgment be vacated and that judgment be entered in accordance with the parties' stipulation set forth above.

. KRÜCKER and HOWARD, JJ., concur.